(25 App. Div. 105.)
                              SMITH v. HICKEY.

(Supreme Court, Appellate Division, Second Department.    January 21, 1898.)

PROCESS—EVIDENCE OF SERVICE.
    Upon a motion to vacate a judgment of foreclosure and sale, on the ground
    that there had been no personal service of the summons, a referee was ap-
    pointed to take testimony and report.    The process server was carefully
    examined and cross-examined before him, and defendant's counsel was re-
    quested to call defendant as a witness, and declined to do so.    It appeared
    from an affidavit of defendant that she left the state before the first hear-
    ing before the referee, and that her counsel did not know where she was
    until July 13th.    The referee's report, however, was not dated and filed
    until July 24th, but no application was made to open the hearing and
    take defendant's testimony.    Held, that the facts warranted the finding
    that she was served with process.

Appeal from special term.

Action by John Smith, Jr., against Margaret Hickey.    From an
order denying a motion to vacate a judgment of foreclosure and sale,
defendant appeals.    Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Albert Day, for appellant.
Thomas F. Keating, for respondent.

GOODRICH, P. J.    The action was to foreclose a mortgage made
by the defendant, Margaret Hickey, and after judgment a motion was
made at special term to set aside the judgment, on the ground that
there had been no personal service of the summons on said defendant.
The court appointed a referee "to take testimony, and ascertain wheth-
er the summons and complaint in the above-entitled action was served
upon the defendant, Margaret Hickey, in the above-entitled action, on
April 24, 1897, and report to this court with all convenient speed."
There were several hearings before the referee, where Mrs. Dehong,
the person employed to serve the process, and whose affidavit of service
is annexed to the judgment roll, was examined and carefully cross-ex-
amined.    Other witnesses were examined by the defendant, to con-
tradict and impeach her.    The defendant's counsel was requested
to call Mrs. Hickey as a witness, and declined to do so.    The referee
reported that the summons and complaint were served on Mrs.
Hickey on the day named.    The court made an order confirming the
referee's report and denying the motion to vacate the judgment.

After carefully examining the evidence taken before the referee,
we cannot do otherwise than affirm the order confirming the report
of the referee and denying the motion to vacate the judgment.    The
failure of Mrs. Hickey to appear for examination before the referee,
of itself, would afford strong presumption against her contention
that she was never personally served with the summons; but when
this fact is coupled with a refusal of her counsel to produce her, the
presumption ripens into an almost conclusive deduction that her con-
tention is unfounded.    Nor is this cured by the statement, contained
in Mrs. Hickey's affidavit used to oppose the motion for confirmation,
in which she states that she went to Connecticut before the first hear-

ing before the referee, on account of ill health, and that her attorney did not know where she was until she informed him by a letter dated July 12th and received by him on July 13th. The referee's report was dated and filed July 24th, and there was an interval of nearly two weeks during which an application could have been made to the referee to open the hearing and take the defendant's testimony; but no such application was made. Under these conditions, the court and referee were justified in the finding that she was served with the process; and we agree with their conclusions.

The order should be affirmed, with $10 costs and disbursements. All concur.